## CIRCUIT COURT OF THE CITY OF NORFOLK

Carolyn McRae

   v.

Roger W. Williams

August 21, 1986

Case No. (Chancery) C-86-920

By JUDGE CHARLES R. WATERS, II

  The question before the court is whether or not Carolyn McRae (Carolyn Smith in 1984) should now be able to bring an action for nonsupport of her child born out of wedlock against Roger W. Williams, the alleged father, or whether she should be precluded because of an order entered by the Juvenile and Domestic Relations District Court on February 7, 1984, dismissing her petition against Williams with prejudice.

  Counsel for McRae attempted to reopen the proceedings or to bring the petition a second time, and on May 5, 1986, the petition was denied. The case is now before this court on appeal.

  The case was heard here on July 17, 1986, with no witnesses testifying, it being agreed by both counsel that an order had been entered by the lower court dismissing McRae's petition without prejudice on January 25, 1984. It was also agreed by counsel that a subsequent order was entered on February 7, 1984, dismissing McRae's petition with prejudice. The understanding of this court (verified by my notes taken at the hearing) was that both counsel also stipulated that the second order of February 7, 1984, was entered without notice to McRae. Counsel for Williams argued that the entry of the second order was merely the correction of an administrative error, and that the second order of February 7, 1984, was final and binding on McRae as res judicata. This court ordered briefs. Counsel for McRae filed a brief.

Counsel for Williams did not. Argument was set for August 15, 1986.

On the date for argument, counsel for Williams denied that it had been stipulated that McRae had received no notice of the February 7, 1984, hearing and had the former attorney of Williams present as a witness. Counsel for McRae had procured the record of proceedings in the lower court for my examination without objection on the part of counsel for Williams.

The attorney who represented Williams in 1984 was James T. Baker, Esquire, and his testimony is summarized as follows:

On January 25, 1984, McRae appeared before the Honorable Lester V. Moore, Jr., on her petition for nonsupport and was without counsel. Mr. Baker and his client were also present. McRae's only evidence was her own testimony. Judge Moore stated that he was inclined to continue the case to allow McRae to seek counsel. Baker objected, arguing that the proceeding was quasi-criminal and that his client would be in double jeopardy. Judge Moore then dismissed McRae's petition without prejudice, stating that he would allow McRae to bring the petition again. Baker then stated that he would either appeal, bring a writ of mandamus or return in four days with case law. After some further conversation, Baker stated that he would prepare a writ of mandamus and return in two weeks with case law. McRae was present during the conversation although unrepresented.

February 7, 1984, was the end of the two-week period. On February 6, 1984, Baker called the court to determine whether his case had been placed on the February 7, 1984, docket. He was informed by someone in the Clerk's Office that the case was not on the docket but that he could see Judge Moore in chambers sometime after 2:00 P.M. on February 7, 1984. He did in fact see Judge Moore in chambers sometime in the afternoon of February 7, 1984, at which time he had prepared a writ of mandamus and had in his possession case law concerning the double jeopardy issue. Judge Moore at that meeting in chambers was persuaded to dismiss the petition with prejudice.

Baker did nothing to notify McRae of the February 7, 1984, hearing, states that the court did not order or request Baker to notify McRae, has no knowledge that the court notified McRae, but points out that McRae was present during the January 25, 1984, hearing.

On March 25, 1984, Baker wrote Judge Moore a letter reminding him that he had indicated that the case would be dismissed with prejudice and requested that "an attested copy of said amended memo of disposition be forwarded to this office accordingly." McRae was not forwarded a copy of this letter and to Baker's knowledge, McRae was never informed that the case had been dismissed with prejudice. He later sent his client a copy of the new order but did not forward a copy to McRae. A letter to the clerk from Baker concerning this matter was also found in the file and McRae was not copied.

When McRae, through counsel, attempted to reopen the case in 1986, and her petition was dismissed, Judge Moore apparently noted in the Record of Proceedings: "The Blood Test was in effect in 1984 when case was heard and petitioner did not avail herself of it. Ct. finds there is insufficient evidence to reopen."

This court, of course, was not privy to the 1984 proceedings and can only rule upon the evidence presented here, all of which is accurately summarized above.

In the opinion of this court, disposing of the case with prejudice on February 7, 1984, was not the mere correction of a clerical error, for it was an act which attempted to change the substantive rights of McRae forever in that, if the order is determined to be final, she can never again pursue her claim for nonsupport.

Under the facts and circumstances mentioned above, to hold that McRae was adequately notified of the February 7, 1984, hearing, which was never docketed and which took place in Judge Moore's chambers sometime in the afternoon, would run contrary to my sense of justice and fair play, and I decline to make such a holding. McRae, a poor, unrepresented and relatively unintelligent litigant, in all probability did not understand that portions of the conversation between the judge and counsel which she heard at the hearing of January 25, 1984, were tantamount to a formal notice for her to appear at a date certain to protect her interest, nor, in the opinion of this court, should she have had such an understanding. Even if she understood the conversation to be formal notification, how could she be expected to attend a conference in chambers in mid or late afternoon when the docket was for 10:00 A.M. and her case did not appear thereon?

The authorities cited by counsel were not particularly helpful, but this court has no hesitation in ruling that

notice of the February 7, 1984, hearing was inadequate under the circumstances surrounding this case.

The court inquired of counsel as to whether there were any other issues, such as questions of limitation, to be decided and was told that there were not; therefore, this court rules that (1) the dismissal of the petition as a result of the February 7, 1984, hearing was not akin to the correction of an administrative or clerical error and (2) that notice was inadequate with the result that the dismissal was void as to McRae.

The case should be remanded to Juvenile and Domestic Relations District Court where due and adequate notice should be provided to McRae prior to any further proceedings.